UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARAS BOJAJ,

       Plaintiff,                    CIVIL ACTION NO. 14-cv-13262

       v.                          DISTRICT JUDGE GEORGE CARAM STEEH

COMMISSIONER OF              MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

       Defendant.
_____/

REPORT AND RECOMMENDATION

Plaintiff Maras Bojaj seeks judicial review of Defendant Commissioner of Social Security's determination that he is not entitled to social security benefits for his physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 18) and Defendant's Motion for Summary Judgment (docket no. 19). Plaintiff has also filed a response to Defendant's Motion. (Docket no. 21.) The motions have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 4.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

I.      RECOMMENDATION

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 18) be GRANTED IN PART and Defendant's Motion for Summary Judgment (docket no. 19) be DENIED. It is further recommended that this matter be remanded

pursuant to sentence four of 42 U.S.C. § 405(g) for proper consideration and discussion of Dr. Chung's March 10, 2012 opinion in accordance with the treating physician rule, and a reevaluation of the other medical opinions regarding Plaintiff's mental RFC in light of the reassessment of Dr. Chung's opinion.

## II.  PROCEDURAL HISTORY

Plaintiff filed an application for a period of disability and disability insurance benefits with a protective filing date of November 7, 2011, alleging that he has been disabled since July 23, 2009, due to severe depression, hypertension, asthma, and schizophrenia. (TR 141-42, 153, 157.) The Social Security Administration denied Plaintiff's claims initially on January 17, 2012, and again upon reconsideration on March 26, 2012. (TR 64-76.) Plaintiff subsequently requested a *de novo* hearing and amended his alleged onset date to December 1, 2009. (TR 84, 198-99.) On January 25, 2013, Plaintiff appeared with a representative and testified at the hearing before Administrative Law Judge (ALJ) Timothy C. Scallen. (TR 33-63.) In a February 20, 2013 decision, the ALJ found that Plaintiff was not entitled to benefits because he was capable of performing his past relevant work as well as a significant number of jobs in the national economy. (TR 19-28.) The Appeals Council declined to review the ALJ's decision (TR 6-10), and Plaintiff commenced this action for judicial review. The parties then filed cross motions for summary judgment, which are currently before the Court.

## III.  HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff (docket no. 18 at 4-10), Defendant (docket no. 19 at 4-8), and the ALJ (TR 23-27) each set out a detailed, factual recitation with regard to Plaintiff's medical record and the hearing testimony. Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies between

these recitations of the record. Therefore, the undersigned will incorporate these factual recitations by reference. Additionally, the undersigned will include comments and citations to the record as necessary throughout this Report and Recommendation.

## IV. ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of December 1, 2009, and that Plaintiff suffered from the following severe impairments: asthma and major depressive disorder. (TR 21.) The ALJ also found that Plaintiff suffered from non-severe impairments of minimal degenerative joint disease of the shoulder, degenerative disc disease, and hypertension controlled with medication. (TR 21-22.) Next, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR 22-23.) The ALJ then found that Plaintiff had the following RFC:

> [C]laimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: frequent climbing of stairs and ramps; frequent climbing of ropes, ladders and scaffolds; frequent stooping, kneeling, crouching and crawling; avoid concentrated exposure to unprotected heights, moving machinery; avoid even moderate exposure to extreme hot and cold, as well as dust, fumes and gasses; simple routine repetitive tasks[,] no interaction with the public, occasional interaction with coworkers.

(TR 23-26.) Subsequently, in reliance on the VE's testimony, the ALJ determined that Plaintiff was capable of performing his past relevant work as a machine operator and a significant number of other jobs in the national economy. (TR 26-27.) The ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from December 1, 2009, through the date of the ALJ's decision. (TR 27-28.)

3

## V. LAW AND ANALYSIS

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

**B.     Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis.  In the first four steps, Plaintiff was required to show that:

(1)     Plaintiff was not presently engaged in substantial gainful employment; and

(2)     Plaintiff suffered from a severe impairment; and

(3)     the impairment met or was medically equal to a "listed impairment;" or

(4)     Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f).  If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work.  If not, Plaintiff would be deemed disabled.  *See id.* at § 404.1520(g).  The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform."  *Her*, 203 F.3d at 391.  To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs."  *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987).   This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'"  *Id.* (citations omitted).

**C.     Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material

evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff asserts that this matter should be reversed and remanded for further consideration under sentence four because "the ALJ's opinion weight analysis and accompanying credibility determination" were improper. (Docket no. 18 at 2, 11-18.)

          1.     *The ALJ's Assessment of the Medical Opinions*

Plaintiff claims that the ALJ erred because he never mentioned Plaintiff's treating psychiatrist, Dr. Tai Chung, M.D., by name and did not consider any of the regulatory factors or cite to objective medical evidence in rejecting Dr. Chung's opinion. (*Id*. at 12-13.) Plaintiff further argues in his Response to Defendant's Motion that the ALJ's assessment of Dr. Chung's opinion was highly conclusory in violation of the explanatory requirement of the treating source rule. (Docket no. 21 at 2-3.)

It is well settled that the opinions of treating physicians are generally accorded substantial deference. In fact, the ALJ must give a treating physician's opinion complete deference if it is supported by clinical and laboratory diagnostic evidence and it is not inconsistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). When an ALJ determines that a treating source's medical opinion is not controlling, he must determine how

6

much weight to assign that opinion in light of several factors: (1) length of the treatment relationship and the frequency of examination; (2) nature and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; (5) specialization of the treating source; and (6) other factors. 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6).

There is no *per se* rule that requires an articulation of each of the six regulatory factors listed in 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6). *Norris v. Comm'r of Soc. Sec.*, No. 11-CV-11974, 2012 WL 3584664, at *5 (E.D. Mich. Aug. 20, 2012) (citing *Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010)). An ALJ's failure to discuss the requisite factors may constitute harmless error (1) if "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it;" (2) "if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion;" or (3) "where the Commissioner has met the goal of [§ 1527(c)]—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation." *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470 (6th Cir. 2006) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004)).

The Commissioner requires its ALJs to "always give good reasons in [their] notice of determination or decision for the weight [they] give [a] treating source's opinion." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Those good reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson*, 378 F.3d at 544 (quoting SSR 96-2p, 1996 WL 374188, at *5 (1996)). The district court should not hesitate to remand when the Commissioner has failed to identify the

weight assigned to a treating physician's opinion and provide good reasons for that weight. *See Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011) ("This Court has made clear that '[w]e do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.") (citing *Hensley v. Astrue*, 573 F.3d 263, 267 (6th Cir. 2009)).

Dr. Chung, a psychiatrist with Macomb County Community Mental Health, treated Plaintiff for his mental impairments from December of 2010 through September of 2012. (TR 225-69, 325-88.) The parties do not dispute that Dr. Chung was Plaintiff's treating psychiatrist. On March 10, 2012, Dr. Chung completed a Mental Residual Functional Capacity Questionnaire regarding Plaintiff's impairments and limitations. (TR 350-53.) Dr. Chung diagnosed Plaintiff with moderate to severe recurring depression and opined that his prognosis was fair with treatment. He also identified several of Plaintiff's symptoms, including apathy, suicidal thoughts, persistent disturbances of mood and affect, difficulty thinking or concentrating, emotional withdrawal or isolation, and impaired memory. Dr. Chung then opined that Plaintiff was unable to meet competitive standards in fifteen of the sixteen categories of mental abilities and aptitudes needed to perform unskilled work, such as remembering, understanding, and carrying out short and simple instructions; maintaining attention and regular attendance; completing a normal workday and workweek without interruptions from psychologically-based symptoms; and dealing with work stress or changes in a routine work setting.

In his decision, the ALJ briefly summarized Dr. Chung's treatment records and provided the following assessment of Dr. Chung's opinion:

> [A]lthough two separate mental residual functional capacity assessments were completed and submitted into evidence, the undersigned gives little weight to

8

> either one because both assessments are far too extreme in their limitations and wholly inconsistent with the overall medical evidence. In fact, each assessment opined that the claimant has either no useful ability to function or is unable to meet competitive standards in every category of unskilled work. Such limitations are much more extreme than those indicating in any other treatment records. As such, the undersigned gives little weight to the assessments (Exhibit 10F/26 and 12F).[1]

(TR 25.)

The ALJ's generic assessment of Dr. Chung's opinion does not comply with the treating physician rule. Of particular concern is that nowhere in the ALJ's decision does the ALJ note or acknowledge that Plaintiff was treated by Dr. Chung for several months; in fact, Dr. Chung is not mentioned anywhere in the ALJ's decision by name or otherwise. Accordingly, it is not clear whether the ALJ considered, or even recognized, that one of the mental residual functional capacity assessments that he ultimately rejects was the treating-source opinion of Dr. Chung, Plaintiff's treating psychiatrist. This lack of clarity in the ALJ's assessment is further evidenced by the ALJ's failure to analyze the regulatory factors set forth in 20 C.F.R. § 404.1527(c)(2)-(6) in determining the weight to give to Dr. Chung's opinion or to provide good reasons for his decision to accord it little weight. Remand is warranted on this basis.

Defendant argues that the ALJ did not err in his consideration of Dr. Chung's opinion because Dr. Chung's opinion is inconsistent with his treatment notes, is inconsistent with the opinions of the state agency consultative psychologist and the state agency reviewing psychologist, and is of little evidentiary value because it mostly consists of check-marked answers to form-based questions. (Docket no. 19 at 9-15.) Defendant's argument is inapposite, as the ALJ made no such findings, and it is the ALJ's determination that is in question, not Defendant's post-hoc rationalization. *See Christephore v. Comm'r of Soc. Sec.*, No. 11-13547,

---

[1] The other mental RFC assessment to which the ALJ refers was completed by Samuel Klein, M.D., of Macomb County Community Mental Health on January 24, 2013. (TR 389-93.)

2012 WL 2274328, at *6 (E.D. Mich. June 18, 2012) (Roberts, J.) ("[I]t is not the Court's job to conduct a *de novo* review of the evidence or to rubber stamp the ALJ's decision. The Court must ensure both that the ALJ applied the correct legal standard and that his decision is supported by substantial evidence. Moreover, it is the ALJ's rationale that is under review, not defense counsel's."). Thus, Defendant's post-hoc rationalization cannot cure the strong presumption that the ALJ did not assess Dr. Chung's opinion as that of a treating source. Additionally, the circumstances necessary under *Nelson* for the ALJ's error to be rendered harmless do not exist here. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407-08, 409 (6th Cir. 2009). Therefore, it is recommended that this matter be remanded for proper consideration and discussion of Dr. Chung's March 10, 2012 opinion in accordance with the treating physician rule. While such an order may ultimately be an exercise in formality, such a discussion is necessary for the Court to engage in meaningful appellate review.

Next, Plaintiff asserts that, instead of relying on Dr. Chung's opinion, the ALJ incorrectly accorded significant weight to the opinions of the non-examining State agency doctors, Jerry Csokasy, Ph.D., who made the initial disability determination, and William McCollum, M.D., who reviewed and affirmed the initial disability determination. (Docket no. 18 at 17-18; TR 64-76, 274.) Plaintiff argues that the ALJ's reliance on these opinions is problematic because they are not based on review of the complete case record, particularly Dr. Chung's treatment notes and opinion. (Docket no. 18 at 17-18; docket no. 21 at 4 (citing *Blakely*, 581 F.3d at 409; *Fisk v. Astrue*, 253 F. App'x 580, 585 (6th Cir. 2007).) Apparently, Dr. Csokasy only had access to Dr. Chung's treatment notes through November 2011; he did not have access to Dr. Chung's treatment notes dated December 2011 through September 2012, or to Dr. Chung's March 10, 2012 opinion. (TR 65-66, 68.) Dr. McCollum presumably had access to the same record

evidence as Dr. Csokasy, but this is not specified in the record. Nevertheless, the ALJ found that their opinions were consistent with the entire record, including all of Dr. Chung's treatment notes, and afforded them significant weight. (TR 25-26.) The ALJ made this finding, however, without properly evaluating Dr. Chung's opinion as that of a treating source. Accordingly, upon remand, once the ALJ has properly reassessed Dr. Chung's opinion, the ALJ should then reevaluate the other medical opinions regarding Plaintiff's mental RFC, including those of the state agency doctors, in accordance with 20 C.F.R. § 404.1527 and SSR 96-6p.

### 2    The ALJ's Assessment of Plaintiff's Credibility[2]

Lastly, Plaintiff challenges the ALJ's credibility determination. (Docket no. 18 at 14-18.) "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r*, 127 F.3d 525, 531 (6th Cir. 1997). But credibility assessments are not insulated from judicial review. Despite the deference that is due, such a determination must nevertheless be supported by substantial evidence. *Id.* An ALJ's credibility determination must contain "specific reasons . . . supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96–7p. "It is not sufficient to make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" *Id.* "[T]he adjudicator may find all, only some, or none of an individual's allegations to be credible" and may also find the statements credible to a certain degree. *Id.*

---

[2] Although the ALJ's credibility assessment may change upon remand, the undersigned will address the ALJ's current credibility assessment.

Further, to the extent that the ALJ found that Plaintiff's statements are not substantiated by the objective medical evidence in the record, the Regulations explicitly provide that "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). The ALJ must consider: (1) the claimant's daily activities, (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms, (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms, (5) treatment, other than medication, for symptom relief, (6) any measures used to relieve the symptoms, and (7) functional limitations and restrictions due to the pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *see also Felisky v. Bowen*, 35 F.3d 1027, 1039-40 (6th Cir. 1994) (applying these factors).

Here, the ALJ considered and discussed Plaintiff's hearing testimony and other subjective complaints in conjunction with the record evidence, and he found that Plaintiff's allegations were not entirely credible. (TR 23-26.) In reaching this determination, the ALJ reasoned that the objective medical evidence did not support Plaintiff's allegations, even though Plaintiff may have minimized or was not totally forthcoming with his issues. For example, the ALJ noted that Plaintiff's medical records documented trouble with memory and paranoia, but not of a disabling nature. Additionally, the ALJ pointed out Plaintiff's stated abilities to drive, shop, handle money, socialize, and function without reminders. The ALJ also acknowledged that Plaintiff had been receiving treatment from Macomb County Community Mental Health since December 2010 and that he repeatedly presented for treatment as alert, tidy, pleasant, engaging, and in no

12

apparent distress. The ALJ further noted that Plaintiff's depression medication caused dizziness, but Plaintiff's symptoms admittedly improved with the medication.

As discussed above, the ALJ provided specific reasons for discounting Plaintiff's credibility in his decision, many of which apply the factors set forth in 20 C.F.R. § 404.1529(c)(3). Thus, the ALJ's decision is sufficiently specific to make clear to Plaintiff and to the Court the weight that he gave to Plaintiff's statements and the reasons for that weight. The ALJ's assessment of Plaintiff's credibility is supported by substantial evidence and should not be disturbed; Plaintiff's Motion should be denied in this regard.

## VI. CONCLUSION

For the reasons stated herein, the Court should GRANT IN PART Plaintiff's Motion for Summary Judgment (docket no. 18) and DENY Defendant's Motion for Summary Judgment (docket no. 19). This matter should be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for proper consideration and discussion of Dr. Chung's March 10, 2012 opinion in accordance with the treating physician rule, and a reevaluation of the other medical opinions regarding Plaintiff's mental RFC in light of the reassessment of Dr. Chung's opinion.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with

specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: October 19, 2015         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: October 19, 2015         s/ Lisa C. Bartlett
                                Case Manager